**Burwood W. McINTYRE, Appellant,**

v.

**CENTRAL RAILROAD COMPANY OF NEW JERSEY.**

**No. 12327.**

United States Court of Appeals Third Circuit.

Argued Jan. 8, 1958.

Decided Jan. 21, 1958.

J. Murray Dunn, New York City (Purvis Brearley, Trenton, N. J., on the brief), for appellant.

Arthur J. Blake, Jersey City, N. J. (Emory, Langan, Lamb & Blake, Jersey City, N. J., H. Curtis Meanor, Trenton, N. J., on the brief), for defendant-appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment entered on a verdict for the defendant railroad in a suit for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff, a railroad brakeman, was injured when a refrigerator car which he had uncoupled from the rest of a train rolled down the track and squeezed him between it and the car of the train on which he was working. After the refrigerator, car had been uncoupled and shortly before the accident the train had been moved about 15 feet from the refrigerator car and the plaintiff was engaged at the time of the accident in attaching a backup hose to the end car of the train.

It appeared from the evidence that the hand brakes had not been applied on the refrigerator car as the operating rules of the railroad required. The only issue of negligence which was raised by the evidence and the issue which was fairly submitted to the jury by the trial judge was whether it was the responsibility of the plaintiff to apply those brakes, in which case the defendant railroad was not guilty of negligence for failing to apply them, or whether it was the duty of certain other railroad employees, known as car knockers, to apply the brakes, in which event their negligence in failing to perform that duty would be imputed to the defendant railroad and would entitle the plaintiff to recover.

The verdict of the jury resolved this issue in favor of the defendant railroad and the plaintiff does not question the verdict here. On this appeal he merely contends that the trial judge erred in failing to give the jury a general instruction that the defendant was under a continuing duty to furnish the plaintiff with a reasonably safe place to work. Although counsel for the plaintiff requested such an instruction it is doubtful from the record whether he did not acquiesce in the refusal of the trial judge to give it. However this may be, we are satisfied that it was not error for the trial judge to decline the instruction, for there was no evidence before the jury which would support a finding that the defendant had failed to provide a safe place to work other than its alleged failure to apply the hand brakes on the refrigerator car.

The plaintiff asserts in this connection that the air hoses between the refrigerator car and the adjoining car of the train were disconnected before he uncoupled those cars, that disconnecting the air hoses sets the air brakes on a car and that the brake shoes on the refrigerator car appeared to him to be in contact with the car wheels when he uncoupled the car. These circumstances, he urges, indicated to him that the brakes on the

refrigerator car were set when in fact they were not and so made the place in which he was working unsafe. However, on cross-examination the plaintiff admitted, as all the other witnesses testified, that there is normally a leakage of air in such a case so that after the air hoses are disconnected the air brakes will remain applied for a limited time only. Thus the sole question raised by the evidence was the one which was submitted to the jury, namely, whether the defendant's other employees had the duty to set the hand brakes on the refrigerator car, the neglect of which rendered the plaintiff's working place unsafe, or whether it was the plaintiff's own failure to perform that duty which created the unsafe condition. We agree with the trial judge that there was no competent evidence to support a finding that the defendant had in any other way than this failed in its duty to provide the plaintiff a safe place to work.

The judgment of the district court will be affirmed.